# United States District Court
# Eastern District of Louisiana

**Paul Gros**,

                          *Plaintiff*

  v.

**City of New Orleans**, **Mitchell J. Landrieu**, in his official capacity as Mayor of the City of New Orleans, **Stacy Head**, **Jacquelyn Brechtel Clarkson**, **Susan G. Guidry**, **Diana Bajoie**, **Kristin G. Palmer**, **Cynthia Hedge-Morrell**, **Ernest F. Charbonnet**, in their official capacity as Councilmembers for New Orleans City Council, **Ronal Serpas**, in his official capacity as Superintendent for the New Orleans Police Department, and **M.J. Field**, individually and in his official capacity as Police Officer for the New Orleans Police Department,

                          *Defendants*

Civ. No. _____

Section No. _____

## Verified Complaint

Comes now Plaintiff Paul Gros, by and through counsel, and for his cause of action against Defendants named herein, avers the following:

### INTRODUCTION

**1.** This is a civil action for declaratory and injunctive relief and nominal damages arising under the First and Fourteenth Amendments to the Constitution of the United States and brought pursuant to 42 U.S.C. §§ 1983 and 1988. It concerns the constitutionality of NEW ORLEANS CITY CODE, 1995 ("CODE") section 54-419, which prohibits religious, political, and social speech on Bourbon Street after dark (the "Religious Speech Ban").

**2.** Those who violate section 54-419 by engaging in religious, political, or social speech "shall be guilty of a misdemeanor and upon conviction shall be fined not more than

$500.00, and/or imprisoned for not more than six months." CODE § 54-419(d).

3. The named Defendants are each responsible for enforcing section 54-419.

4. In addition, Defendant M.J. Field has actually enforced section 54-419 against the Plaintiff, Pastor Paul Gros ("Pastor Gros").

5. Defendants' actions have deprived and will continue to deprive Pastor Gros of his fundamental right to free speech and expression as provided in the First and Fourteenth Amendments to the United States Constitution.

6. Each and every act of Defendants alleged herein was committed by Defendants named herein, and each and every act was committed under the color of state law and authority.

## JURISDICTION AND VENUE

7. Pursuant to 28 U.S.C. §§ 1331 and 1343, this Court has jurisdiction over Plaintiff's claims. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court has jurisdiction over Plaintiff's request for declaratory relief.

8. Pursuant to 28 U.S.C. § 1391(b), venue is proper in Eastern District of Louisiana because all claims arise out of this district and all Defendants reside in this district.

## PLAINTIFF

9. Plaintiff Paul Gros ("Pastor Gros") resides in Jefferson Parish, Louisiana.

## DEFENDANTS

10. Defendant City of New Orleans is "a body politic and corporate" located within the State of Louisiana. NEW ORLEANS, LA., HOME RULE CHARTER ("CHARTER") § 1-101. It has the "right, power, privilege and authority to adopt and enforce local police, sanitary and similar regulations and to do and perform all of the acts pertaining to its local affairs . . . ." CHARTER § 2-01(4). This includes the right "to do and perform all fo the acts pertaining to its local affairs,

property and government which are necessary or proper in the legitimate exercise of its corporate powers and municipal functions." *Id*. Its rights enumerated under its Charter "shall be construed liberally in order to establish the broadest measure of local self-government . . . ." CHARTER § 2-01(6). It is the City of New Orleans whose law is challenged in this action.

11.     Defendant Mitchell J. Landrieu ("Mayor Landrieu") is sued in his official capacity as the Mayor of New Orleans. In his official capacity, Mayor Landrieu is charged by the Charter with ensuring that all ordinances of New Orleans are enforced. CHARTER § 4-206(1)(c). The Mayor is also responsible for approving the challenged ordinance. *See* CHARTER § 3-113.

12.     Defendants Stacy Head, Jacquelyn Brechtel Clarkson, Susan G. Guidry, Diana Bajoie, Kristin G. Palmer, Cynthia Hedge-Morrell, Ernest F. Charbonnet are the Members of the New Orleans City Council (together, the "Councilmembers"). All legislative powers are vested the City Council. *Id*. § 3-101(1). The City Council enacts ordinances for New Orleans, including criminal ordinances. CHARTER §§ 3-311 – 3-313. The City Council introduced, considered, and passed the ordinance challenged in this action. *See* CHARTER § 3-112. The City Council is also charged with providing for the enforcement of certain provisions of law relating to the Vieux Carre. CHARTER § 5-703. To the extent the Council has any enforcement power for the challenged ordinance, the Councilmembers are sued in their official capacities.

13.     Defendant Ronal Serpas ("Superintendent Serpas") is the Superintendent of the New Orleans Police Department. In his official capacity, he is charged to "[e]nforce the ordinances of the City and all state and municipal laws, and prevent the violation thereof." CHARTER § 4-501(7). He is also charged to "[m]ake all legal searches, seizures, and arrests and exercise all legal authority incident thereto" to enforce City law. CHARTER § 4-501(4). Superintendent Serpas's police force is the only police force in the City of New Orleans.

3

CHARTER § 4-503. Superintendent Serpas is sued in his official capacity.

14.     Defendant M.J. Field ("Officer Field") is sued individually and in his official capacity as police officer with New Orleans Police Department.  In his official capacity, Officer Field is charged with enforcing New Orleans ordinances. CHARTER § 4-501(7).

## STATEMENT OF FACTS

**Desired Speech of Pastor Gros**

15.     Pastor Gros is a professing Christian and pastor of Vieux Carre Assembly of God Church, located on 433 Daupine Street.  The church is located in the French Quarter (also known as Vieux Carre) of New Orleans and situated one block from Bourbon Street.

16.     For the last thirty (30) years, Pastor Gros has ventured outside the doors of the church and shared his Christian faith with those found in the French Quarter community.  Anyone is welcome to join him in worship at his church, but that's not why Pastor Gros witnesses about his faith.  He yearns for people to know Jesus.

17.     Pastor Gros's message is one of hope and salvation that he believes Christianity offers.  He makes no attempt to solicit funds or membership to any organization.

18.     Pastor Gros has no intent to harass anyone, encourage violence, or to express himself in any way other than in a peaceful manner.

19.     Pastor Gros shares his faith in various ways. Sometimes he preaches; other times he hands out tracts and/or carries portable signs. But more than any other way, Pastor Gros likes to engage individuals in respectful, one-on-one discussions about Jesus and the Christian faith.

20.     Going out into the French Quarter, Pastor Gros particularly wants to witness and share the gospel on Bourbon Street at night.

21.     Bourbon Street is located in the heart of the French Quarter and extends thirteen

(13) blocks from Canal Street to Esplanade Avenue.

22. Bourbon Street is a publically-owned city street. At night, New Orleans blocks vehicular traffic on Bourbon Street, allowing pedestrians to walk freely up and down the street.

23. Being one of the most famous venues in the world, Bourbon Street is known for bars, burlesque clubs, and night-life. Many establishments stay open all night and the French Quarter is one of the few places in the United States where possession and consumption of alcohol in open containers is allowed on the street.

24. Though largely quiet during the day, Bourbon Street comes alive at night, attracting large numbers of visitors after dark. This is particularly true during French Quarter festivals, like Mardi Gras and Southern Decadence. But on any given night there are a significant number of people present on Bourbon Street, reveling and frequenting the various establishments.

25. Because Pastor Gros firmly believes a large number of people found on Bourbon Street at night desperately need to have saving faith in Jesus Christ, he wants to go there at that time and share the gospel message with them.

**New Orleans Religious Speech Ban**

26. On September 22, 2011, Councilmember Palmer sponsored an ordinance that ostensibly dealt with "aggressive solicitation." This ordinance was adopted by the New Orleans City Council on October 20, 2011. Mayor Landrieu approved it on October 26, 2011. The ordinance became section 54-419 and went into effect.

27. This "aggressive solicitation" ordinance, the Religious Speech Ban codified at section 54-419 of the New Orleans City Code, includes a provision that prohibits religious as well as political and social expression on Bourbon Street at night, reading:

5

> It shall be prohibited for any person or group of persons to loiter or congregate on Bourbon Street for the purpose disseminating any social, political, or religious message between the hours of sunset and sunrise.

CODE § 54-419(c)(4).

28. The Religious Speech Ban prescribes penalties of fines and imprisonment for those who violate it. Specifically, the ordinance provides that "[w]hoever violates the provisions of this section shall be guilty of a misdemeanor and upon conviction shall be fined not more than $500.00, and/or imprisoned for not more than six months." Code 54-419(d).

29. By virtue of the Religious Speech Ban in the "aggressive solicitation" ordinance, any form of religious expression is barred on Bourbon Street at night.

**Incident on May 15, 2012**

30. For last several years, Pastor Gros has made it habit to go on Bourbon Street every Tuesday and Friday night to share his Christian message. On Tuesday, May 15, 2012, Pastor Gros, along with his wife, another pastor, and a friend went to Bourbon Street for this purpose.

31. Pastor Gros and his fellow pastor took turns preaching, while his wife and friend were interacting with people about the gospel of Jesus Christ. But, around 9:30 p.m., Pastor Gros and his group were stopped from engaging in religious discussion.

32. Upon receiving the order to stop, Pastor Gros asked to speak to the highest-ranking police officer and was directed to Officer Field. Officer Field confirmed that the law precluded any Christian speech on Bourbon Street at night.

33. Pastor Gros inquired of the basis for this order, and he was subsequently shown on a smart phone the text of the "aggressive solicitation" ordinance, with his attention being directed to the provision banning religious expression between hours of sunset and sunrise.

34. Pastor Gros asked if he could go further down the street and continue with his expressive activities, but Officer Field answered that the ordinance applied anywhere on Bourbon Street.

35. Office Field told Pastor Gros he could take any complaint he had about the ordinance to Councilmember Palmer.

36. Because of the plain text prohibiting his desired speech, and the officer's reference to and reliance on it, Pastor Gros and his small group concluded their expressive activities and left Bourbon Street for fear of arrest.

**Impact of New Orleans Religious Speech Ban**

37. The New Orleans Religious Speech Ban, set out in section 54-419 of the New Orleans City Code, serves to chill and deter Pastor Gros's expression.

38. If not for the textual ban on his speech set out in the Religious Speech Ban, and the fear he might get arrested for violating the law, Pastor Gros would to regularly go to Bourbon Street at night—every Tuesday and Friday night—and evangelize to people found there.

39. If not for the Religious Speech Ban, Pastor Gros would also attend French Quarter festivals, like Mardi Gras and Southern Decadence, and witness during those events.

40. Because of the existence of the Religious Speech Ban and the penalties prescribed for violating it, Pastor Gros did not attend the Southern Decadence event that occurred this past the Labor Day weekend on September 1, 2012.  He feared arrest.  And Pastor Gros soon learned that his fear was well-founded, discovering that several people communicating a religious message were arrested or threatened with arrest for violating §54-419.

41. Unless Pastor Gros can obtain legal relief, he will also refrain from attending Mardi Gras in February of 2013 for fear of arrest.

42. The Religious Speech Ban and the fear of arrest it induces severely limits Pastor Gros's constitutionally-protected expression on a public street.

43. The impact of chilling and deterring Pastor Gros from exercising his constitutional rights on a public way constitutes irreparable harm to him.

44. Pastor Gros does not have an adequate remedy at law for the loss of his constitutional rights.

## COUNT I
### The Religious Speech Ban Fails The Required Constitutional Scrutiny

45. Pastor Gros re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

46. The Religious Speech Ban is unconstitutional on its face and as applied to the individual speech of Pastor Gros and others similarly situated to him. It is a content-based restriction on speech but is not narrowly tailored to a compelling state interest, as necessitated by the required strict scrutiny review. Because it is content-based, it cannot be a time, place, or manner restriction on speech. But even if it were, it fails the required review for those restrictions. It prohibits oral communication, signs, and literature distribution on Bourbon Street without constitutional justification. As such, the policy is a violation of Pastor Gros's right to freedom of speech under the First and Fourteenth Amendments to the United States Constitution.

## COUNT II
### Section 54-419's Ban on "Social" Messages Is Void for Vagueness

47. Pastor Gros re-alleges and incorporates by reference all of the allegations contained in all of the preceding paragraphs.

48. Section 54-419(c)(4) prohibits, along with all "political" and "religious" messages, all "social" messages after dark on Bourbon Street. "Social," however, is not defined.

The ordinance therefore does not "define[] the area of illegal conduct with sufficient specificity so that men of common intelligence (need not) guess at its meaning." *Hiett v. United States*, 415 F.2d 664, 670 (5th Cir. 1969) (internal quotation and citation omitted). Rather, it leaves it to the individual police officer, and the subsequent trier of fact, to determine whether a given expression contains a "social" message. It is therefore void for vagueness and so is unconstitutional under the First Amendment. *See id*.

## PRAYER FOR RELIEF

WHEREFORE, Pastor Gros respectfully prays for relief in that this Court:

A.	Assume jurisdiction over this action;

B.	Enter a judgment and decree declaring that the provision in New Orleans ordinance §54-419 banning religious expression that takes place on Bourbon Street between the hours of sunset and sunrise is unconstitutional on its face and as applied to Pastor Gros's expression because it violates his right of freedom to speech as guaranteed to Pastor Gros and others by the United States Constitution and operation of federal laws;

C.	Enter a preliminary and permanent injunction enjoining defendants, their agents, officials, servants, employees, and all persons in active concert or participation with them, or any of them, from applying section 54-419 so as to restrict constitutionally-protected speech of individual speakers, including Pastor Gros, on Bourbon Street at night;

D.	Award Plaintiff Pastor Gros an award of actual and/or nominal damages in an amount deemed appropriate by this Court;

E.	Grant to Plaintiff Pastor Gros an award for his costs for litigation, including reasonable attorney's fees and expenses, pursuant to 42 U.S.C. § 1988; and

F.	Grant such other and further relief as is equitable and just.

## VERIFICATION OF COMPLAINT

I, Paul Gros, a citizen of the United States and a resident of New Orleans, Louisiana, hereby declare that I have read the foregoing Verified Complaint and the factual allegations therein, and the facts as alleged therein are true and correct.

_____
PAUL GROS

Dated: September 20, 2012

Respectfully submitted,

/s/Nate Kellum
NATE KELLUM, TN Bar No. 13482*
*Trial Attorney for Plaintiff*
CENTER FOR RELIGIOUS EXPRESSION
699 Oakleaf Office Lane, Suite 107
Memphis, TN 38117
Telephone: (901) 684-5485
Facsimile: (901) 684-5499
Email: nkellum@crelaw.org
*Co-Lead Counsel for Plaintiff*

/s/R. Bradley Lewis
R. BRADLEY LEWIS (# 8657)
248 Richmond Street
Bogalusa, Louisiana 70427
Telephone: (985) 735-9003
Facsimile: (985) 735-9008
Email: rbl@bradlewislaw.com
*Local Counsel for Plaintiff*

/s/Joseph E. La Rue
JOSEPH E. LA RUE, Ohio No. 80643*
ALLIANCE DEFENDING FREEDOM
15100 N. 90th Street
Scottsdale, AZ 85260
Telephone: (480) 444-0020
Facsimile: (480) 444-0028
Email: jlarue@AllianceDefendingFreedom.org
*Co-Lead Counsel for Plaintiff*

*Pro hac vice application to be made when case number is assigned.