UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PAUL GROS,<br><br>                              Plaintiff,<br><br>                - against -<br><br>CITY OF NEW ORLEANS, et al.,<br><br>                              Defendants. | **CIVIL ACTION**<br><br>NUMBER: 12-2322<br>        cw 12-2334<br>        cw 12-2374<br><br>SECTION: "**J**" **(5)**<br><br>CIVIL RIGHTS ACTION<br>TITLE 42 U.S.C. § 1983<br><br>DECLARATORY RELIEF,<br>INJUNCTIVE RELIEF,<br>DAMAGES<br><br>This First Amended Complaint<br>applies to # 12-2374 |

## **PLAINTIFFS' FIRST AMENDED COMPLAINT**

COME NOW the Plaintiffs, BIBLE BELIEVERS, an unincorporated association, RUBEN CHAVEZ, BRIAN CRANFORD, PATRICK O'CONNELL, LARRY CRAFT, GARY BROWN, DANNY GUEVARA and DIEGO MONTES, as associates of BIBLE BELIEVERS and as individuals (hereinafter "Plaintiffs"), by and through their counsel, and as their cause of action against the Defendants herein, aver as follows:

## **INTRODUCTION**

1.      Plaintiffs bring this action seeking declaratory relief, injunctive relief, and damages to redress deprivations by the Defendants, acting under color of state law, of certain rights secured to the Plaintiffs and others as alleged herein under the United States Constitution and the State of Louisiana Constitution.

Plaintiffs' First Amended Complaint – Page 1

2.      This action challenges the constitutionality of NEW ORLEANS CITY CODE, 1995 (hereinafter "Code") § 54-419(c)(4), which prohibits religious, political, and social speech on Bourbon Street from sunset to sunrise (hereinafter "Religious/Political/Social Speech Ban").

## PARTIES

3.      Plaintiff, BIBLE BELIEVERS, is an unincorporated association with associates located throughout the United States, including in the Eastern District of Louisiana.  BIBLE BELIEVERS' associates believe in a religious mandate to further their religious and political beliefs in public spaces including those public spaces in the City of New Orleans. On September 1, 2012, BIBLE BELIEVERS' associates PATRICK O'CONNELL, LARRY CRAFT, GARY BROWN, DANNY GUEVARA and DIEGO MONTES were arrested and incarcerated through the enforcement of Code § 54-419(c)(4).

4.      Plaintiff, RUBEN CHAVEZ, is an adult citizen and a BIBLE BELIEVERS associate.  Plaintiff, RUBEN CHAVEZ, brings this action in his associated and personal capacities.

5.      Plaintiff, BRIAN CRANFORD, is an adult citizen and a BIBLE BELIEVERS associate.  Plaintiff, BRIAN CRANFORD, brings this action in his associated and personal capacities.

6.      Plaintiff, PATRICK O'CONNELL, is an adult citizen and a BIBLE BELIEVERS associate.  Plaintiff, PATRICK O'CONNELL, brings this action in his associated and personal capacities.

7.      Plaintiff, LARRY CRAFT, is an adult citizen and a BIBLE BELIEVERS associate.  Plaintiff, LARRY CRAFT, brings this action in his associated and personal capacities.

8.      Plaintiff, GARY BROWN, is an adult citizen and a BIBLE BELIEVERS associate.  Plaintiff, GARY BROWN, brings this action in his associated and personal capacities.

9.      Plaintiff, DANNY GUEVARA, is an adult citizen and a BIBLE BELIEVERS associate.  Plaintiff, DANNY GUEVARA, brings this action in his associated and personal capacities.

10.     Plaintiff, DIEGO MONTES, is an adult citizen and a BIBLE BELIEVERS associate.  Plaintiff, DIEGO MONTES, brings this action in his associated and personal capacities.

11.     Defendant, CITY OF NEW ORLEANS (hereinafter "City"), is "a body politic and corporate" located within the State of Louisiana.  NEW ORLEANS, LA., HOME RULE CHARTER (hereinafter "Charter") § 1-101.  The City has the "right, power, privilege and authority to adopt and enforce local police, sanitary and similar regulations and to do and perform all of the acts pertaining to its local affairs . . .."  CHARTER § 2-01(4).  The City has the right "to do and perform all of the acts pertaining to its local affairs property and government which are necessary or proper in the legitimate exercise of its corporate powers and municipal functions."  *Id*.  The City's rights enumerated under its Charter "shall be construed liberally in order to establish the broadest measure of local self-government . . .."  CHARTER § 2- 01(6).  In this action, the City's law is challenged as set forth herein.

12.     Defendant, NEW ORLEANS CITY COUNCIL (hereinafter "City Council"), is a duly constituted body created and existing pursuant to the laws of the Charter, and the State of Louisiana, and consists of a body of Members of the City Council responsible for, among other things, conducting public hearings and voting on proposed laws or amendments to the City's Code.  To the extent the City Council has any enforcement power for the challenged Code, the City Council is sued herein as a body.

13.     Defendant, MITCHELL J. LANDRIEU (hereinafter "Mayor Landrieu") is sued in his official capacity as the Mayor of New Orleans.  In his official capacity, Mayor Landrieu is charged with ensuring that the Code is enforced.  CHARTER § 4-206(1)(c).  Mayor Landrieu is also responsible for approving the challenged Code.  *See* CHARTER § 3-113.

14.     Defendants STACY HEAD, JACQUELYN BRECHTEL CLARKSON, SUSAN G. GUIDRY, DIANA BAJOIE, KRISTIN G. PALMER, CYNTHIA HEDGE-MORRELL, and ERNEST F. CHARBONNET are the Members of the City Council (hereinafter "Councilmembers").  All legislative powers are vested to the City Council.  *Id.* § 3-101(1).  The City Council enacts ordinances for New Orleans, including criminal ordinances and the Code challenged herein.  CHARTER §§ 3-311 – 3-313.  The City Council introduced, considered, adopted and passed the Code challenged in this action.  *See* CHARTER § 3-112.  The City Council is also charged with providing for the enforcement of certain provisions of law relating to the Vieux Carré.  CHARTER § 5-703.  To the extent the City Council has any enforcement power for the challenged Code, the Councilmembers are sued in their official capacities.

15.     Defendant RONAL SERPAS (hereinafter "Superintendent Serpas") is the Superintendent of the City's Police Department.  In his official capacity, he is charged to

"[e]nforce the ordinances [the Code] of the City and all state and municipal laws, and prevent the violation thereof."  CHARTER § 4-501(7).  Superintendent Serpas is also charged to "[m]ake all legal searches, seizures, and arrests and exercise all legal authority incident thereto" to enforce the City's ordinances and the Code.  CHARTER § 4-501(4).  Superintendent Serpas's police force is the only police force in the City.  CHARTER § 4-503.  Superintendent Serpas is sued in his official capacity.

16.    Defendant Lt. MICHAEL J. FIELD (hereinafter "Lt. Field") is sued individually and in his official capacity as a police officer with the City's Police Department.  In his official capacity, Lt. Field is charged with enforcing the City's ordinances and the Code.  CHARTER § 4-501(7).

17.    Defendants, DOES 1 – 5, are employed by the City, and are being sued in their individual capacities and in their official capacities as police officers with the City's Police Department.  In their official capacities, DOES 1 – 5 are charged with enforcing the City's ordinances and the Code.  CHARTER § 4-501(7).

18.    Upon information and belief, Defendants CITY OF NEW ORLEANS, NEW ORLEANS CITY COUNCIL, MITCHELL J. LANDRIEU, STACY HEAD, JACQUELYN BRECHTEL CLARKSON, SUSAN G. GUIDRY, DIANA BAJOIE, KRISTIN G. PALMER, CYNTHIA HEDGE-MORRELL, ERNEST F. CHARBONNET, RONAL SERPAS, Lt. MICHAEL J. FIELD and DOES 1 - 5, (hereinafter "Defendants") are the agents, servants, employees, licensees, guarantees, indemnitors, invitees, or assignees of each other, and in doing the things herein alleged acted with the full knowledge, consent and approval of the remaining Defendants.

19.     Defendants violated clearly established law, were knowledgeable of the constitutional and civil rights being violated, and acted against Plaintiffs' rights despite this knowledge.  An award of compensatory damages is directly and proximately related to Defendants' violations of Plaintiffs' rights leading to the unlawful arrest and incarceration. Because Defendants acted willfully, wantonly, maliciously and with deliberate indifference, they are liable for suit in their individual capacity for damages.  Plaintiffs further seek punitive damages against Defendants to assure that no other person is wrongfully treated. Because Defendants acted willfully, wantonly, maliciously and with deliberate indifference, they should be sanctioned in order to prevent them from acting similarly in the future against others.  An actual controversy exists between the parties involving substantial constitutional and civil rights issues because the Policies, customs and practices applied by Defendants violated Plaintiffs' constitutional and civil rights and these violations are continuing in nature until this Court enjoins the unlawful impediment of Plaintiffs' ability to peacefully and lawfully exercise their free speech and free exercise rights without unequal application of the law.

## JURISDICTION AND VENUE

20.     Plaintiffs bring this action seeking declaratory relief, injunctive relief and damages to redress deprivations by the Defendants, acting under color of state law, of certain rights secured to the Plaintiffs and others as alleged herein under the United States and State of Louisiana Constitutions, as brought pursuant to Title 42 U.S.C. §§ 1983 and 1988.  Jurisdiction is conferred on this Court by Title 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), which provide for original jurisdiction in this Court of all suits brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is also conferred on this Court by Title 28 U.S.C. § 1331

because the cause of action arises under the Constitution and laws of the United States.  This

Court has supplemental subject matter jurisdiction over state law claims pursuant to 28

U.S.C. § 1367(a) in that the state law claims form part of the same case or controversy as the

federal claims.

21.     This Court is authorized to grant Declaratory Judgment under the Declaratory

Judgment Act, Title 28 U.S.C. §§ 2201 and 2202 (1988), implemented through Rule 57 of

the Federal Rules of Civil Procedure, and to issue the Preliminary and Permanent Injunctive

relief requested by Plaintiffs under Rule 65 of the Federal Rules of Civil Procedure.  This

Court is authorized to grant Plaintiffs' prayer for relief and to award Plaintiffs' costs in this

action for violations of Plaintiffs' constitutional and civil rights, including a reasonable

attorney's fee, pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988 and Rule 54, and Title 28

U.S.C. § 1920.

22.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because the

Defendants reside and/or do business in the Eastern District of Louisiana and may be found

and served in the Eastern District of Louisiana.  Venue is proper in the Eastern District of

Louisiana as all of the events giving rise to the claims herein occurred in this District.

## FACTS

23.     Plaintiffs are associated individuals acting to spread awareness of their views

regarding religious, political and social topics.  Among Plaintiffs' associated purposes is the

belief in a mandate to exercise their rights to freedom of speech and association to further

their religious and political beliefs.  Plaintiffs bring this action to vindicate and protect their

own rights to Freedom of Speech, Freedom of Association, and Free Exercise of Religion as

well as those of citizens and members of the public desiring to engage in activities similar to

Plaintiffs' activities in the City of New Orleans by ensuring that Defendants are restrained from acting prospectively in violation of those rights.

24.    The public parks, public streets, public sidewalks, and public rights-of-way within the jurisdiction of the City (hereinafter "Public Spaces") are traditional public fora.

25.    Plaintiffs, citizens, and members of the public utilize the Public Spaces for various activities, including communication and the exchange of ideas.

26.    An area within the jurisdiction of the City known as "Bourbon Street" contains areas of traditional public fora.  From sunset to sunrise, Bourbon Street itself is opened for pedestrian traffic.  The sidewalks adjacent to Bourbon Street are traditional public fora.

27.    Plaintiffs' activities occur within the City's traditional public fora and on Bourbon Street during various times, including between sunset and sunrise.

28.    Plaintiffs, citizens, and members of the public utilize the Public Spaces within the City and Bourbon Street for various activities, including communication and the exchange of ideas.

29.    Other areas within the jurisdiction of the City are regularly utilized for various activities involving communication and the exchange of ideas making them fit the category of designated public fora.

## ENFORCEMENT OF THE CITY'S CODE, § 54-419(c)(4),

## AND ATTEMPTS TO RESOLVE ISSUES WITHOUT LITIGATION

### Enforcement of the City's Municipal Code § 54-419(c)(4)

30.    On August 29, 2012, the City's agents and employees enforced the City's Code, § 54-419(c)(4), which prohibits religious, political, and social speech on Bourbon Street from sunset to sunrise.  On August 29, 2012, Lt. Field and DOES 1 – 5 enforced the City's Code,

§ 54-419(c)(4), stating that pursuant to the City's Code no person was allowed to remain on Bourbon Street between dusk and dawn if they were expressing any religious, political, or social message.  On August 29, 2012, Lt. Field stated that no person could remain on Bourbon Street between dusk and dawn if they were distributing any literature on any religious, political, or social message.  On August 29, 2012, Lt. Field stated that no person could remain on Bourbon Street between dusk and dawn if they were discussing any kind of religious message with others.  On August 29, 2012, Lt. Field stated that pursuant to the Code, the same prohibitions extended to the sidewalks adjacent to Bourbon Street.

31.     On September 1, 2012, the City's agents and employees enforced the City's Code, § 54-419(c)(4), by arresting and incarcerating BIBLE BELIEVERS' associates PATRICK O'CONNELL, LARRY CRAFT, GARY BROWN, DANNY GUEVARA and DIEGO MONTES.  On September 1, 2012, Plaintiffs RUBEN CHAVEZ and BRIAN CRANFORD were present during the arrests, and they also were threatened with arrest through the enforcement of Code § 54-419(c)(4).

32.     In response to the City's agents' and employees' enforcement, on September 6, 2012, a letter was sent to the City's Attorney, Richard Cortizas, detailing the unconstitutionality of the City's Code, § 54-419(c)(4), and requesting the City withdraw from further enforcement and ultimately repeal the City's Code, § 54-419(c)(4).

33.     Since the arrests, during the month of September 2012, the City's agents and employees continued to enforce the City's Code, § 54-419(c)(4).  The City's agents and employees also threatened Plaintiffs with enforcement of a City law requiring that Plaintiffs continually keep walking thereby preventing Plaintiffs from speaking with others.

**Plaintiffs' planned activities**

34.     For 30 years, Plaintiffs have shared their religious, political, and social speech with people in the City.  Plaintiffs' message is one of hope and salvation that they believe Christianity offers.  Plaintiffs make no attempt to solicit funds or membership to any organization.  Plaintiffs have no intent to harass, encourage violence, or to express themselves in any way other than in a peaceful manner.

35.     Plaintiffs share their faith in various ways.  At times they preach and at other times they distribute free literature and/or carry portable signs.  Plaintiffs also engage others in respectful, one-on-one discussions about Jesus and the Christian faith.

36.     Plaintiffs particularly want to witness and share their religious, political, and social speech on Bourbon Street after sunset.  Bourbon Street is located in the heart of the French Quarter and extends thirteen (13) blocks from Canal Street to Esplanade Avenue.  Bourbon Street is a publically owned City street.  After sunset, the City blocks vehicular traffic on Bourbon Street thereby allowing pedestrians to walk freely up and down the area within the street itself.  Bourbon Street is world renown for its nightlife activities.  Many businesses remain open all night and the French Quarter is one of the few places in the United States where the possession and consumption of alcohol in open containers is allowed on the street.

37.     Although Bourbon Street is generally a typical business area during the day, it comes alive at night thereby attracting large numbers of visitors after sunset and before sunrise.  This is particularly true during festivals in the French Quarter such as Mardi Gras and Southern Decadence.  Even absent any festivals, on any given night there are a

significant number of people present on Bourbon Street, reveling and frequenting the various establishments.

38.    Plaintiffs believe they have a religious mandate to go to Bourbon Street and the French Quarter after sunset and before sunrise because they believe a large number of people found on Bourbon Street at night desperately need to have saving faith in Jesus Christ.

39.    As they have for many years in the past, in upcoming dates – including but not limited to October 31, 2012, December 31, 2012, and February 12, 2013 -- Plaintiffs have concrete plans to engage their constitutionally protected activities by expressing religious, political, and social speech within the City's traditional public fora and on Bourbon Street during various times, including between sunset and sunrise, but based upon the prior enforcement of the City's Code, § 54-419(c)(4), against their BIBLE BELIEVERS associates, and the threated enforcement of the City's Code, § 54-419(c)(4), against Plaintiffs RUBEN CHAVEZ and BRIAN CRANFORD individually, Plaintiffs are forfeiting their constitutionally protected activities due to fear of arrest and incarceration.

40.    The City's agents and employees continued to enforce the City's Code, § 54-419(c)(4), to divest Plaintiffs of their constitutional rights until the Court issued injunctive relief.

**The City's Code, § 54-419(c)(4)**

41.    The provision challenged herein was adopted by the City Council on October 20, 2011.  Mayor Landrieu approved it on October 26, 2011.  The provision became the City's Code, § 54-419(c)(4), and went into effect.

42.    The City's Code, § 54-419(c)(4), states: "It shall be prohibited for any person or group of persons to loiter or congregate on Bourbon Street for the purpose disseminating any social, political, or religious message between the hours of sunset and sunrise." Code, § 54-419(c)(4).

43.    The City's Code, § 54-419(d), prescribes penalties of fines and imprisonment.

44.    The City's Code, § 54-419(d), provides that "[w]hoever violates the provisions of this section shall be guilty of a misdemeanor and upon conviction shall be fined not more than $500.00, and/or imprisoned for not more than six months." Code, § 54-419(d).

## GENERAL ALLEGATIONS

45.    The enforcement of the City's Code, § 54-419(c)(4), and the actions of Defendants under color of state law, has deprived, and continues to deprive, Plaintiffs of their constitutional and civil rights.

46.    As a direct and proximate result of the adoption and enforcement of the City's Code, § 54-419(c)(4), Plaintiffs have forfeited and lost opportunities to exercise their constitutional and civil rights.

47.    As a direct and proximate result of the adoption and enforcement of the City's Code, § 54-419(c)(4), Plaintiffs have suffered emotional distress, embarrassment and humiliation.

48.    As a direct and proximate result of the adoption and enforcement of the City's Code, § 54-419(c)(4), Plaintiffs are uncertain and unsure of their ability to exercise their constitutional and civil rights and as a result Plaintiffs have forfeited and lost opportunities to exercise their constitutional and civil rights.

49.     Plaintiffs have been damaged by the deprivation of their rights guaranteed by the United States Constitution and State of Louisiana Constitution.

50.     Plaintiffs are uncertain whether they will be arrested and incarcerated in the future while attempting to exercise their constitutional and civil rights within the City.

51.     The threat of future arrests and fines, as evidenced by the prior enforcement against Plaintiffs' constitutional and civil rights, is both great and immediate.

52.     The future chilling of Plaintiffs' rights is an absolute certainty unless and until this Court grants the injunctive and declaratory relief requested herein.

53.     Defendants have chilled Plaintiffs' constitutional and civil rights to the point that Plaintiffs fear arrest and/or incarceration while exercising their constitutional and civil rights.

54.     Plaintiffs wish to continue exercising their constitutional and civil rights, and have specific and concrete intentions to continue engaging in the exercise of their constitutional and civil rights, but they are fearful of being arrested and/or incarcerated for exercising their constitutional and civil rights.

55.     The violations of Plaintiffs' constitutional and civil rights alleged herein have caused, and will continue to cause, Plaintiffs to suffer extreme hardship, actual and impending, irreparable injury and damage.

56.     Plaintiffs currently suffer from the denial of rights guaranteed by the United States and State of Louisiana Constitutions because of Defendants' actions taken under color of law pursuant to official acts of Defendants as interpreted and applied against Plaintiffs.

57.     There is a substantial likelihood that Plaintiffs will prevail on the merits in this case because the City's Code, § 54-419(c)(4), actions and practices, as applied against

Plaintiffs, constitute an abridgement of their constitutional and civil rights, and such restrictions are strictly scrutinized.

58.     The harm to Plaintiffs outweighs any subjective harm to the Defendants.

59.     The public interest is benefited when constitutional and civil rights are protected by the Courts.

60.     Plaintiffs have no adequate remedy at law at this time to correct the continuing deprivations of their most cherished constitutional liberties.

61.     On information and belief, each of the Defendants approved and agreed to the decision to enforce the City's Code, § 54-419(c)(4).

62.     Defendants and Defendants' officers/agents/employees had the ability and authority to prevent the violation of Plaintiffs' constitutional and civil rights protected under the United States Constitution and the State of Louisiana Constitution.

63.     Defendants and Defendants' officers/agents/employees failed to act in any way to prevent the alleged violations of Plaintiffs' constitutional and civil rights protected under the United States Constitution and the State of Louisiana Constitution.

64.     Defendants and Defendants' officers/agents/employees had personal knowledge of the events described herein.

65.     Defendants, City, Lt. Field, and DOES 1 – 5, by enforcing and/or authorizing the enforcement of the City's Code, § 54-419(c)(4) by the City's officers/agents/employees, through adherence to a policy, practice, or custom of non-supervision amounting to deliberate indifference to Plaintiffs' constitutional and civil rights, are liable for damages as a result of the actions alleged herein pursuant to 42 U.S.C. § 1983.

66.     Defendants, City, Lt. Field, and DOES 1 – 5, knew, or should have known, that enforcing and/or authorizing the enforcement of the City's Code, § 54-419(c)(4), violate the United States Constitution and the State of Louisiana Constitution, making them personally liable for damages for the actions alleged herein pursuant to 42 U.S.C. § 1983.

67.     Any reasonable person would know, or should have known, that enforcing and/or authorizing the enforcement of the City's Code, § 54-419(c)(4), violates the United States Constitution and the State of Louisiana Constitution, making them personally liable for damages for the actions alleged herein pursuant to 42 U.S.C. § 1983.

68.     It is well settled law that regulations impacting Freedom of Speech, Freedom of Religious Expression, and Freedom of Association in Public Spaces and designated public fora must be content-neutral and narrowly tailored, and must not be vague and allow unbridled discretion to grant or deny permit applications.

69.     The incidents described herein allege the acts and omissions of Defendants under color of state law deprived Plaintiffs of their Freedom of Speech, Freedom of Religious Expression, and Freedom of Association rights protected under the United States Constitution and the State of Louisiana Constitution.

70.     Defendants acted without reasonable cause and without due care in causing the deprivation of Plaintiffs' Freedom of Speech, Freedom of Religious Expression, and Freedom of Association rights protected under the United States Constitution and the State of Louisiana Constitution.

71.     As a direct and proximate result of Defendants' actions and omissions under color of state law, Plaintiffs suffered humiliation, embarrassment, discomfort, mental anguish, fear, anxiety, loss of reputation, emotional distress and loss of Plaintiffs' Freedom of

Speech, Freedom of Religious Expression, and Freedom of Association rights protected under the United States Constitution and the State of Louisiana Constitution.

72.    Defendants' actions and omissions were performed with malice, or oppression, or callous or deliberate indifference, or a conscience disregard of Plaintiffs' Freedom of Speech, Freedom of Religious Expression, and Freedom of Association rights protected under the United States Constitution and the State of Louisiana Constitution so as to justify an award of exemplary damages.

73.    Defendant City and Defendant City Council had a duty at all times mentioned herein to implement and enforce policies and procedures to adequately supervise and adequately train its officials, agents and employees so as to prevent the constitutional violations alleged herein.

74.    Defendant City and Defendant City Council failed to implement and enforce policies and procedures to adequately supervise and adequately train their officials, agents and employees so as to prevent the constitutional violations alleged herein.

75.    Defendant City's and Defendant City Council's actions and omissions regarding the failure to adequately train their officials, agents and employees so as to prevent the constitutional violations alleged herein exhibit deliberate indifference toward Plaintiffs' Freedom of Speech, Freedom of Religious Expression, and Freedom of Association rights protected under the United States Constitution and the State of Louisiana Constitution.

76.    The City's Code, § 54-419(c)(4), customs and practices, applied and enforced under color of state law, are the moving force behind the violation of Plaintiffs' Freedom of Speech, Freedom of Religious Expression, and Freedom of Association rights protected under the United States Constitution and the State of Louisiana Constitution.

77.     The City's Code, § 54-419(c)(4), customs and practices, applied and enforced under color of state law operate to unconstitutionally limit, ban and censor Plaintiffs' Freedom of Speech, Freedom of Religious Expression, and Freedom of Association rights protected under the United States Constitution and the State of Louisiana Constitution.

78.     Plaintiffs have satisfied all conditions precedent to bringing this action seeking equitable and monetary relief from Defendants.

## AS AND FOR A FIRST CAUSE OF ACTION:

### THE CODE AND DEFENDANTS' ACTIONS VIOLATE THE FREEDOM OF SPEECH CLAUSE UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 7, OF THE LOUISIANA CONSTITUTION

79.     The averments of paragraphs 1-78 are repeated and realleged in full force and effect as if repeated in their entirety herein.

80.     The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, and Article I, Section 7, of the State of Louisiana Constitution, prohibits making and/or enforcing any law unconstitutionally abridging the Freedom of Speech.

81.     The City's Code, § 54-419(c)(4), and Defendants' actions, impede Plaintiffs' right to Freedom of Speech because of vagueness and by granting unfettered discretion to Defendants and their officials, agents and employees to deny Plaintiffs' right to Freedom of Speech and serve no rational, substantial or compelling interest.

82.     The City's Code, § 54-419(c)(4), is unconstitutional on its face because it creates an unconstitutional restraint on protected speech in the City's Public Spaces and designated public fora.

83. The City's Code, § 54-419, does not contain necessary standards, safeguards, or definitions.

84. The City's Code, § 54-419(c)(4), permits an individualized assessment and is not neutral or generally applicable.

85. The City's Code, § 54-419(c)(4), is unconstitutionally vague and gives unbridled discretion to decide whether, when, and how to allow Freedom of Speech.

86. The City's Code, § 54-419(c)(4), and Defendants' actions, allow content-based restrictions and are unconstitutionally overbroad restrictions on expressive activity and fail narrow tailoring.

87. Plaintiffs were deprived of their right under the First Amendment and Article I, Section 7, of the State of Louisiana Constitution, to engage in Freedom of Speech activities in violation of the United States Constitution and the State of Louisiana Constitution.

88. Plaintiffs have been, and continue to be, deprived of their right under the First Amendment and Article I, Section 7, of the State of Louisiana Constitution, to engage in Freedom of Speech in violation of the United States Constitution and the State of Louisiana Constitution.

89. Plaintiffs have suffered damages as a result of Defendants' deprivation of their rights through their past enforcement, and by the threat of future enforcement, of the City's Code, § 54-419(c)(4).

90. Plaintiffs have suffered nominal, compensatory, special and exemplary damages as a result of Defendants' deprivation of their rights.

WHEREFORE, Plaintiffs respectfully request that this Court grant the equitable and monetary relief requested herein and any further relief this Court deems is just under the circumstances.

## AS AND FOR A SECOND CAUSE OF ACTION:

### THE CODE AND DEFENDANTS' ACTIONS VIOLATE THE FREE EXERCISE CLAUSE UNDER THE FIRST AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 8, OF THE LOUISIANA CONSTITUTION

91.     The averments of paragraphs 1-78 are repeated and realleged in full force and effect as if repeated in their entirety herein.

92.     The First Amendment to the United States Constitution, applied to the States through the Fourteenth Amendment, and Article I, Section 8, of the State of Louisiana Constitution, prohibits making any law unconstitutionally abridging the free exercise of religion.

93.     Plaintiffs, as individuals and as associates, engage in activities for the purpose of spreading the Gospel of Jesus Christ.  Plaintiffs share a personal belief and mandate to spread the Gospel of Jesus Christ.

94.     The Bible instructs believers to share the Gospel of Jesus Christ with others, and Plaintiffs rely on the Bible to guide their words and actions.

95.     Plaintiffs sought, and continue to seek, to discuss issues from a religious perspective, to distribute religious literature, and to engage in religious speech through sharing their faith in the City's Public Spaces and designated public fora.

96.     The City's Code, § 54-419(c)(4), and Defendants' actions, require Plaintiffs to censor religious speech in the City's Public Spaces and designated public fora and impose a burden on Plaintiffs that is not imposed on other individuals.

97.     By forcing Plaintiffs to choose between abandoning their religious beliefs in order to gain access to speech in the City's Public Spaces and designated public fora, or alternatively abiding by their religious beliefs only to be arrested and incarcerated, Defendants have imposed a substantial burden on Plaintiffs' sincerely held religious beliefs.

98.     The City's Code, § 54-419(c)(4), and Defendants' actions, impede Plaintiffs' right to Free Exercise of Religion because of vagueness and by granting unfettered discretion to Defendants and their officials, agents and employees to deny Plaintiffs' right to Free Exercise of Religion and serve no rational, substantial or compelling interest.

99.     The City's Code, § 54-419(c)(4), is unconstitutional on its face because it creates an unconstitutional restraint on protected speech in the City's Public Spaces and designated public fora.

100.    The City's Code, § 54-419, does not contain necessary standards, safeguards, or definitions.

101.    The City's Code, § 54-419(c)(4), permits an individualized assessment and is not neutral or generally applicable.

102.    The City's Code, § 54-419(c)(4), is unconstitutionally vague and gives unbridled discretion to decide whether, when, and how to allow Free Exercise of Religion.

103.    The City's Code, § 54-419(c)(4), and Defendants' actions, allow content-based restrictions and are unconstitutionally overbroad restrictions on expressive activity and fail narrow tailoring.

104.    Plaintiffs were deprived of their right under the First Amendment and Article I,

Section 8, of the State of Louisiana Constitution, to engage in Free Exercise of Religion

activities in violation of the United States Constitution and State of Louisiana Constitution.

105.    Plaintiffs have been, and continue to be, deprived of their right under the First

Amendment and Article I, Section 8, of the State of Louisiana Constitution, to engage in

Free Exercise of Religion activities in violation of the United States Constitution and State

of Louisiana Constitution.

106.    Plaintiffs have suffered damages as a result of Defendants' deprivation of their

rights through their past enforcement, and by the threat of future enforcement, of the City's

Code, § 54-419(c)(4).

107.    Plaintiffs have suffered nominal, compensatory, special and exemplary damages

as a result of Defendants' deprivation of their rights.

WHEREFORE, Plaintiffs respectfully request that this Court grant the equitable and

monetary relief requested herein and any further relief this Court deems is just under the

circumstances.

## AS AND FOR A THIRD CAUSE OF ACTION:

### THE CODE AND DEFENDANTS' ACTIONS
### VIOLATE THE EQUAL PROTECTION CLAUSE UNDER
### THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

108.    The averments of paragraphs 1- 78 are repeated and realleged in full force and

effect as if repeated in their entirety herein.

109.     Plaintiffs' Freedom of Speech and Free Exercise of Religion rights are protected from arbitrary discrimination under the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution.

110.     The City's Code, § 54-419(c)(4), and Defendants' actions, substantially burden Plaintiffs' Equal Protection rights in an arbitrary and capricious manner.

111.     The City's Code, § 54-419(c)(4), and Defendants' actions, impede Plaintiffs' right to Freedom of Speech and Free Exercise of Religion because of vagueness and by granting unfettered discretion to Defendants and their officials, agents and employees to deny Plaintiffs' Equal Protection rights and serve no rational, substantial or compelling interest.

112.     The City's Code, § 54-419(c)(4), permits an individualized assessment and is not neutral or generally applicable.

113.     The City's Code, § 54-419(c)(4), is unconstitutionally vague and gives unbridled discretion to decide whether, when, and how to allow Freedom of Speech and Free Exercise of Religion.

114.     Plaintiffs have suffered damages as a result of Defendants' deprivation of their rights through the past enforcement, and by the threat of future enforcement, of the City's Code, § 54-419(c)(4).

115.     Plaintiffs have suffered nominal, compensatory, special and exemplary damages as a result of Defendants' deprivation of their rights.

WHEREFORE, Plaintiffs respectfully request that this Court grant the equitable and monetary relief requested herein and any further relief this Court deems is just under the circumstances.

**AS AND FOR A FOURTH CAUSE OF ACTION:**

**THE CODE AND DEFENDANTS' ACTIONS**
**CAUSED INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

(AS TO PLAINTIFFS PATRICK O'CONNELL, LARRY CRAFT, GARY BROWN, DANNY
GUEVARA and DIEGO MONTES)

116.    The averments of paragraphs 1- 78 are repeated and realleged in full force and
effect as if repeated in their entirety herein.

117.    The City's Code, § 54-419(c)(4), and Defendants' actions, caused Plaintiffs
PATRICK O'CONNELL, LARRY CRAFT, GARY BROWN, DANNY GUEVARA and
DIEGO MONTES to suffer emotional distress.

118.    As a direct and proximate result of the City's Code, § 54-419(c)(4), and
Defendants' actions, Plaintiffs PATRICK O'CONNELL, LARRY CRAFT, GARY
BROWN, DANNY GUEVARA and DIEGO MONTES suffered emotional distress through
their arrest and incarceration.

119.    Defendants' conduct was extreme and outrageous.

120.    The emotional distress suffered by Plaintiffs PATRICK O'CONNELL, LARRY
CRAFT, GARY BROWN, DANNY GUEVARA and DIEGO MONTES was severe.

121.    Defendants desired to inflict severe emotional distress, or knew that severe
emotional distress would be certain, or substantially certain, to result from their conduct.

122.    Plaintiffs have suffered nominal, compensatory, special and exemplary damages as
a result of Defendants' deprivation of their rights.

WHEREFORE, Plaintiffs respectfully request that this Court grant the equitable and
monetary relief requested herein and any further relief this Court deems is just under the
circumstances.

## AS AND FOR A FIFTH CAUSE OF ACTION:

## <u>INJUNCTIVE RELIEF</u>

123.   The averments of paragraphs 1-122 are repeated and realleged in full force and effect as if repeated in their entirety herein.

124.   As a direct and proximate result of the adoption and enforcement of the City's Code, § 54-419(c)(4), Plaintiffs have been, and continue to be, irreparably harmed.

125.   The harm to Plaintiffs is not fully compensable with money damages.

126.   Plaintiffs have a concrete desire to continue engaging in their rights to Freedom of Speech and Free Exercise of Religion in the City's Public Spaces and designated public fora.

127.   Plaintiffs are likely to succeed on the merits of their claims.

128.   The threat of continued forfeiture of Plaintiffs' rights is both great and immediate.

129.   The harm to Plaintiffs outweighs any subjective harm to the Defendants.

130.   The public interest is benefitted when constitutional and civil rights are protected by the Courts.

131.   Unless restrained and enjoined by this Court, Defendants will continue to harass and threaten to arrest Plaintiffs for exercising their constitutional rights.

132.   Plaintiffs are entitled to injunctive relief.

WHEREFORE, Plaintiffs respectfully request that this Court grant the equitable relief requested herein and any further relief this Court deems is just under the circumstances.

## AS AND FOR A SIXTH CAUSE OF ACTION:

## <u>DECLARATORY RELIEF</u>

133.   The averments of paragraphs 1-122 are repeated and realleged in full force and effect as if repeated in their entirety herein.

134.    An actual controversy has arisen between Plaintiffs and Defendants in that
Plaintiffs contend that, as a direct and proximate result of Defendants' adoption and
enforcement of the City's Code, § 54-419(c)(4), Plaintiffs have been irreparably harmed in
that Defendants' actions are hostile to a reasonable interpretation of the law as it pertains to
the right to Freedom of Speech, Free Exercise of Religion, and Equal Protection.

135.    Plaintiffs wish to continue engaging in their rights to Freedom of Speech and Free
Exercise of Religion, and have a specific and concrete intent to continue engaging in this
activity as they have in the past, but they are fearful of Defendants' future adverse actions
against Plaintiffs for exercising their protected constitutional and civil rights.

136.    Plaintiffs desire a judicial determination of the rights and duties of the respective
parties under the United States and State of Louisiana Constitutions based upon the text of
the City's Code, § 54-419(c)(4), and the past enforcement, and a judicial declaration that
Plaintiffs' Freedom of Speech, Free Exercise of Religion, and Equal Protection are protected
by the United States and State of Louisiana Constitutions, and a finding that the City's Code,
§ 54-419(c)(4), on its face and as applied, violates Plaintiffs' rights.

WHEREFORE, Plaintiffs respectfully request that this Court grant the equitable relief
requested herein and any further relief this Court deems is just under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiffs request a trial by jury of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court:

1.  Issue a preliminary injunction and permanent injunction restraining and enjoining

Defendants, and their officers, agents, employees, representatives, and all persons acting

in concert, or participating with them, from enforcing the City's Code, § 54-419(c)(4), while Plaintiffs or their officers, agents, employees, representatives, and all persons acting in concert, or participating with them, are engaging in Freedom of Speech and Free Exercise of Religion activities in the City's Public Spaces and designated public fora; and,

2. Issue a Declaration that the City's Code, § 54-419(c)(4), and Defendants' past enforcement, constitute an impermissible restraint of Plaintiffs' rights in violation of the United States and State of Louisiana Constitutions; and,

3. Grant Plaintiffs an award of nominal and/or compensatory and/or special and/or exemplary damages in an amount to be determined based upon Defendants' extreme, outrageous, willful, wanton, malicious, callous and deliberate indifference to Plaintiffs' rights;

4. Grant Plaintiffs' costs and reasonable attorneys' fees pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, and Rule 54, and Title 28 U.S.C. § 1920;

5. Grant Plaintiffs such other and further relief as may be just and proper.

Dated:        February 19, 2013.


s/Ben E. Clayton
Ben E. Clayton, Esq.
Louisiana Bar No.: 17512
**CLAYTON LAW FIRM, L.L.C.**
Suite "D," 200 Commercial Square Road
Slidell, Louisiana 70461
Email: benclayt@bellsouth.net
Telephone: (985) 863-3065
Facsimile: (985) 863-7707
Local Counsel for Plaintiffs

s/ Frederick H. Nelson
Frederick H. Nelson, Esq.
Florida Bar No.: 0990523
**AMERICAN LIBERTIES INSTITUTE**
P.O. Box 547503
Orlando, FL  32854-7503
E-mail: rick@ali-usa.org
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
Lead Trial Counsel for Plaintiffs
Admitted *Pro Hac Vice*


Plaintiffs' First Amended Complaint – Page 26