```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

GROS, ET AL                                    CIVIL ACTION

VERSUS                                         NO: 12-2322
                                               c/w 12-2334
                                               c/w 12-2374

CITY OF NEW ORLEANS, ET AL                     SECTION: J
```

## ORDER AND REASONS

Before the Court are three motions for summary judgment filed by Plaintiffs Paul Gros, Kelsey McCauley, and the Bible Believers association and its associates **(Rec. Docs. 71, 72, & 74)**[1], Plaintiff Gros's Reply in Support **(Rec. Doc. 90)**, an Opposition by all Defendants **(Rec. Doc. 100)**, and supplemental briefing submitted by all Plaintiffs **(Rec. Docs. 101, 102, & 103)**. Having considered the motions, the parties' submissions, the record, and the applicable law, the Court finds, for reasons expressed below, that the motions should be **GRANTED IN PART** and **DENIED IN PART.**

### PROCEDURAL AND FACTUAL BACKGROUND

New Orleans City Ordinance § 54-419(c)(4) previously stated, in pertinent part:

> ***No person, in any public or private place, shall use***

---

[1] Unless otherwise stated, all Record Document numbers refer to Case No. 12-2322.

1

> ***offensive, obscene or abusive language***, or grab, follow or engage in conduct which reasonably tends to arouse alarm or anger in others, or walk, stand, sit, lie, or place an object, including signage or structures, in such a manner as to block passage by another person or a vehicle, or to require another person or a driver of a vehicle to take evasive action to avoid physical contact. A person shall be guilty of obstructive interference if, in a public place, he intentionally obstructs pedestrian or vehicular traffic. It shall be unlawful to operate or allow the operation of any sound amplification equipment in the public right-of-way on Bourbon Street, including adjacent sidewalks, between the hours of sunset and sunrise. ***It shall be prohibited for any person or groups of persons to loiter or congregate on Bourbon Street for the purpose of disseminating any social, political or religious message between the hours of sunset and sunrise.*** Acts authorized by permit issued pursuant to the parade ordinances ... shall not constitute interference with pedestrian or vehicular traffic.

(Bible Believers's Mtn. for Summ. Judg., Exh. A, Rec. Doc. 74-4, p. 3) (emphasis added).

On September 1, 2012, New Orleans police officers arrested

several of the Bible Believers Plaintiffs (O'Connell, Craft, Brown, Guevara, and Montes) for violating the provisions of the ordinance pertaining to the dissemination of religious messages on Bourbon Street. Two other Bible Believers Plaintiffs (Chavez and Cranford) were threatened with arrest but were not actually arrested. On May 15, 2012 and September 14, 2012, respectively, Plaintiffs Gros and McCauley were threatened with arrest for participating in similar activities, but they were not actually arrested.

Plaintiff Gros, Plaintiff McCauley, and the Bible Believers Plaintiffs each filed claims in federal court, and the cases were consolidated. (Rec. Docs. 7 & 20). The Court granted a temporary restraining order to prevent enforcement of the ordinance pending litigation. (Case No. 12-2334, Rec. Doc. 7). The Court was later informed by the City that it intended to amend the ordinance, and so the Court granted an extension of the temporary restraining order pending the amendment. (Rec. Doc. 16).

All Plaintiffs filed motions for summary judgment and supplemental briefing, requesting that the Court declare the city ordinance unconstitutional and permanently enjoin Defendants from enforcing it. All Plaintiffs also requested nominal damages in the amount of $1.00 each for violations of their First Amendment rights, as well as costs and attorneys' fees. Additionally, the Bible Believers Plaintiffs have requested compensatory damages.

On July 25, 2013, after the motions for summary judgment were

submitted, the New Orleans City Counsel amended the ordinance, and the current ordinance reads as follows:

> ***No person, in any public place, shall use obscene language***, or grab, or follow another for the sole purpose of harassment, or walk, stand, sit, lie, or place an object in such manner as to block passage by another person or a vehicle, or to require another person or a driver of a vehicle to take evasive action to avoid physical contact. A person shall be guilty of obstructive interference if, in a public place, he intentionally obstructs pedestrian or vehicular traffic. Acts authorized by permit issued pursuant to the Parade Ordinances ... shall not constitute interference with pedestrian or vehicular traffic.

CODE OF ORDINANCES – CITY OF NEW ORLEANS, LOUISIANA, § 54-419(c)(4), *available at* http://library.municode.com/index.aspx?clientId=11040 (emphasis added). In their supplemental brief, the Bible Believers Plaintiffs claim that the provision in the amended ordinance regarding obscenity remains unconstitutional because it violates the First Amendment.

**PARTIES' ARGUMENTS**

**1. Mootness of Plaintiffs' Claims for**

**Declaratory and Injunctive Relief**

Defendants argue that the City's amendment of the ordinance renders Plaintiffs' claims for declaratory and injunctive relief moot. Plaintiff Gros argues that these claims are not moot because the amendment amounts to a mere voluntary cessation and the City could always reenact another unconstitutional provision. Plaintiff McCauley, on the other hand, concedes that these claims could be moot because government actors are accorded a presumption of good faith, and because it is clear that any allegedly unconstitutional behavior by the City is unlikely to recur.

**2. Mootness of Plaintiffs' Claims for Nominal Damages**

Defendants argue that the claims for nominal damages are moot because Defendants have already agreed to pay each plaintiff $1.00 in nominal damages. Plaintiffs claim that no agreement on nominal damages has yet been reached and thus that the issue remains justiciable.

**3. Unconstitutionality of the Amended Ordinance**

Only the Bible Believers Plaintiffs argue that the amended ordinance remains unconstitutional, based on the ordinance's restriction of "obscene" speech.[2] They contend that under Fifth Circuit precedent, obscene speech is only unprotected by the First

---

[2] The Bible Believers Plaintiffs were not arrested or threatened with arrest based on the provision of the ordinance regarding obscenity. Therefore, the Bible Believers Plaintiffs are bringing a facial challenge to the ordinance as amended, and not an as-applied challenge.

Amendment when it is amplified, but unamplified obscene speech is, in fact, protected. (Rec. Doc. 103, p. 4) (citing *Reeves v. McConn*, 638 F.2d 762 (5th Cir. 1981)). Therefore, the amended ordinance imposes a content-based regulation on unamplified obscene speech, and thus violates the First Amendment.

Defendants argue that the amended ordinance "entirely remove[s] the ban on religious, social or political speech. Out of an abundance of caution, the amendments also delete additional language that, although not the subject of this litigation, did not clearly reflect the purpose of the Ordinance." (Rec. Doc. 100, p. 2). Defendants claim that "the revised Ordinance contains no content-based restrictions on constitutionally protected speech" because the revised ordinance contains no ban on social, political, or religious speech and also eliminates any language that could be considered vague or problematic. (Rec. Doc. 100, p. 3).

**4. Compensatory Damages for the Arrested**

**Bible Believers Plaintiffs**

Only the Bible Believers Plaintiffs who were arrested (Plaintiffs O'Connell, Craft, Brown, Guevara, and Montes) claim that they are entitled to compensatory damages. Defendants argue that the arrested plaintiffs are not entitled to compensatory damages because "mere violation of a constitutional right – without proof of actual injury – will not support an award of compensatory damages." (Rec. Doc. 100, p. 4) (citing *Louisiana Acorn Fair Hous.*

6

*v. LeBlanc*, 211 F.3d 298, 302 (5th Cir. 2000)). Defendants contend that the Bible Believers Plaintiffs have not suffered any actual injury. Defendants also claim that despite the lack of actual injury, they have offered to pay the Bible Believers Plaintiffs for some out-of-pocket costs that they allegedly incurred as a result of the events of this case and that therefore, the compensatory damages issue is moot.

The arrested Bible Believers Plaintiffs claim that they did, in fact, suffer actual harm because they were arrested, jailed, required to post bond, and incurred attorneys' fees to defend themselves against the criminal charges. These plaintiffs also claim that "[b]ecause compensatory damages claims seek compensation for past harm, they cannot become moot." (Rec. Doc. 103, p. 2) (citing *Opulent Life Church*, 697 F.3d 279, 286 (5th Cir. 2012)). These plaintiffs also contend that under *Louisiana Acorn*, claims of mental and emotional distress can support awards of compensatory damages and that they have suffered emotional distress, embarrassment, humiliation, and loss of reputation. They point out that Defendants have not expressly disputed these claims. (Rec. Doc. 103, p. 3). The arrested Plaintiffs also argue that their compensatory damages claims should not be considered moot merely because the parties have been engaging in settlement discussions. Both Defendants and the arrested plaintiffs agree that a determination of the amount of compensatory damages is

7

inappropriate for summary judgment. (Rec. Doc. 86, p. 4; Rec. Doc. 103, p. 3).

### 5. Costs and Attorneys' Fees

All Plaintiffs have requested awards of costs and attorneys' fees. Defendants argue that Plaintiffs are not entitled to attorneys' fees because they did not succeed in obtaining a preliminary injunction and thus are not considered "prevailing parties" that may recover attorneys' fees. (Rec. Doc. 100, p. 4) (citing *Dearmore v. City of Garland*, 519 F.3d 517, 525 (5th Cir. 2008)). Defendants maintain that even if the Court determines that Plaintiffs are entitled to attorneys' fees, the parties should submit separate briefs on the amount of the fees. Plaintiff McCauley cites *Opulent Life Church*, 697 F.3d 279 (5th Cir. 2012), for the proposition that a plaintiff who is only awarded nominal damages is considered a prevailing party who is eligible to be awarded costs and attorneys' fees under 42 U.S.C. § 1988(b). The Bible Believers Plaintiffs offer *Farrar v. Hobby*, 506 U.S. 103, 112 (1992), as support for the same proposition.

### LEGAL STANDARD

Summary judgment is appropriate when "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (citing FED. R. CIV. P. 56(c));

*Little v. Liquid Air Corp.*, 37 F.2d 1069, 1075 (5th Cir. 1994). When assessing whether a dispute as to any material fact exists, the Court considers "all of the evidence in the record but refrains from making credibility determinations or weighing the evidence." *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008). The Court will examine the evidence in the light most favorable to the nonmoving party. *Naquin v. Fluor Daniel Servs. Corp.*, 935 F. Supp. 847, 848 (E.D. La. 1996) (citing *United States v. Diebold, Inc.,* 369 U.S. 654, 655 (1962)). While all reasonable inferences are drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations or unsubstantiated assertions. *Little*, 37 F.2d at 1075. A Court ultimately must be satisfied that "a reasonable jury could not return a verdict for the nonmoving party." *Delta*, 530 F.3d at 399.

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'" *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (citation omitted). The nonmoving party can then defeat the motion by either countering with sufficient evidence of its own, or "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in

favor of the moving party." *Id.* at 1265.

If the dispositive issue is one on which the nonmoving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim. *See Celotex*, 477 U.S. at 325. The burden then shifts to the nonmoving party, who must, by submitting or referring to evidence, set out specific facts showing that a genuine issue exists. *See id.* at 324. The nonmovant may not rest upon the pleadings but must identify specific facts that establish a genuine issue for trial. *See, e.g., id.* at 325; *Little*, 37 F.3d at 1075.

## DISCUSSION

### 1. Mootness of Plaintiffs' Claims for Declaratory and Injunctive Relief

While a defendant's voluntary cessation of a complained-of activity generally does not moot the plaintiff's claim, voluntary cessation can moot a claim "where subsequent events make it absolutely clear that the allegedly wrongful behavior cannot reasonably be expected to recur. This is a heavy burden, which must be born by the party asserting mootness." *Sossamon v. Lone Star State of Texas*, 560 F.3d 316, 325 (5th Cir. 2009) (citing *Friends of the Earth, Inc. v. Laidlaw Environ. Servs., Inc.*, 528 U.S. 167, 189 (2000)). However, this heavy burden is lightened when the

defendant is a government entity because government entities are presumed to act in good faith. *Id*.

Here, the Court presumes that the City Defendants are in good faith. The City's amendment of the ordinance does not appear to be an act of litigation posturing, and the amendment suggests that it is extremely unlikely that the City would reenact a new ordinance similar to the old one. For these reasons, the Court finds that the recent amendment of the ordinance renders Plaintiff's claims for declaratory and injunctive relief moot.

### 2. Mootness of Plaintiffs' Claims for Nominal Damages

The Fifth Circuit has found that "[e]ven when a violation of a civil right causes no actual injury to the plaintiff, the plaintiff is entitled to recover nominal damages," and the Circuit has approved nominal damage awards of $1.00. *Farrar v. Cain*, 756 F.2d 1148, 1152 (5th Cir. 1985). Therefore, the Court finds that each of the individual Plaintiffs is entitled to a nominal damage award in the amount of $1.00 for violation of his or her constitutional rights.

### 3. Unconstitutionality of the Amended Ordinance

The Bible Believers Plaintiffs contend that the amended ordinance violates the First Amendment because it imposes a content-based regulation on unamplified obscene speech. The Supreme Court has made it clear that "obscene material is unprotected by the First Amendment." *Miller v. California*, 413 U.S. 15, 23 (1973).

11

Thus, with respect to state statutes, "obscene speech ... can be banned totally because it enjoys no First Amendment protection." *Reno v. American Civil Liberties Union*, 521 U.S. 844, 883 (1997) (citing *Miller*, 413 U.S. at 18).[3] The Supreme Court has also held that statutes that criminalize the writing or exhibiting of "obscene or indecent" materials, when "applied according to the proper standard for judging obscenity, do not offend constitutional safeguards ... or fail to give ... adequate notice of what is prohibited." *Roth v. United States*, 354 U.S. 476, 492 (1957). Thus, use of the term "obscene" in a criminal statute survives a vagueness challenges because the word "is precise enough to convey sufficiently definite warning ... when measured by common understanding and practices." *Roth v. McConn*, 631 F.2d 377, 387 (5th Cir. 1980) (citing *Roth v. United States*, 354 U.S. 476, 491-92 (1957)).

Based on the Fifth Circuit's ruling in *Reeves v. McConn*, the Bible Believers Plaintiffs argue that the state is only constitutionally permitted to restrict obscene speech that is

---

[3] In *Reno*, the Supreme Court addressed the constitutionality of provisions of the Communications Decency Act (CDA) that prohibited the transmission of obscene, indecent, or patently offensive materials to persons under eighteen years of age. *Reno*, 521 U.S. at 859. The CDA included a severability clause, and so the Court found that the provisions pertaining to indecent and patently offensive materials, which were unconstitutional, could be severed from the constitutional provisions pertaining to obscenity. *Id.* at 882-83.

amplified, and not obscene speech that is unamplified.[4] The *Reeves* court found that a state "may prohibit all obscene content in speech and sounds that will be amplified ... ." *Reeves v. McConn*, 631 F.2d 377, 387 (5th Cir. 1980).[5] This Court rejects that argument. The *Reeves* court correctly pointed out that a state may regulate obscene speech that is amplified. However, Supreme Court precedent makes it clear that all obscenity is entirely unprotected by the First Amendment, whether amplified or unamplified. Thus, a state may also regulate unamplified obscene speech occurring in public places. Additionally, the Supreme Court has found that the term "obscenity" is not unconstitutionally vague. Therefore, the City's amended ordinance, which prohibits any person in a public place from using obscene language, does not violate the First Amendment.

### 4. Compensatory Damages for the Arrested Bible Believers Plaintiffs

Under Fifth Circuit precedent, compensatory damages are not

---

[4] The Court notes the irony that an organization called the "Bible Believers" so zealously defends its interest in the unrestricted use of obscene speech.

[5] In *Reeves*, the court addressed a state statute that restricted the use of sound amplification equipment to deliver "obscene or slanderous" speech. *Reeves*, 631 F. 2d at 380 n.1. The court drew a parallel between the use of sound amplification equipment and the use of broadcasting, because in both cases, unwilling audiences cannot voluntarily elect not to encounter the speech. *Id*. at 387. Based on the Supreme Court holding in *F.C.C. v. Pacifica Found.*, 438 U.S. 726, 738 (1978) (finding that even language that is not obscene but is merely indecent or profane can be restricted in the context of radio broadcasting), the Fifth Circuit found that the state may restrict amplified speech that is obscene. *Id.*

awarded for the deprivation of constitutional rights in the absence of proof of actual injury. *Louisiana Acorn*, 211 F.3d at 302-03 (citing *Ryland v. Shapiro*, 708 F.2d 967, 976 (5th Cir. 1983)). Mental and emotional distress claims, if proven, are considered actual injuries that will support a compensatory damage award. *Id.* (citing *Ryland*, 708 F.2d at 976). The parties have not entered into a binding settlement, and the arrested plaintiffs allege emotional distress, embarrassment, humiliation, and loss of reputation. They also allege that they have paid bond costs and attorneys' fees to defend themselves against the criminal charges. Therefore, the arrested plaintiffs sufficiently allege an actual injury to support an award of compensatory damages. All parties agree that a determination of the amount of compensatory damages is inappropriate for summary judgment; therefore, to determine this issue, the Court will either hold an evidentiary hearing or a hearing by affidavits. The Court will schedule a status conference with the parties to determine which course of action is appropriate in this case.

### 5. Costs and Attorneys' Fees

The Court may, in its discretion, award reasonable attorneys' fees to "the prevailing party" in this civil rights action. *See* 42 U.S.C. § 1988(b) (West 2013). The Court requires additional briefing from the parties to determine whether any of the Plaintiffs are prevailing parties. Therefore, all Plaintiffs must

file separate motions for attorneys' fees, with supporting documentation, and must fully brief the issue of whether Plaintiffs should be considered prevailing parties under 42 U.S.C. § 1988(b).

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' *Motions for Summary Judgment* **(Rec. Docs. 71, 72, & 74)** are **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Plaintiffs' claims for declaratory and injunctive relief with respect to the original, non-amended ordinance are **DENIED AS MOOT.**

**IT IS FURTHER ORDERED** that the Bible Believers Plaintiffs' claim regarding the unconstitutionality of the provision of the amended ordinance pertaining to obscenity is **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that Defendants shall pay a nominal damage award in the amount of $1.00 to each of the following plaintiffs, for violation of his or her constitutional rights:

 (1) Paul Gros

 (2) Kelsey McCauley

 (3) Ruben Chavez

 (4) Brian Cranford

 (5) Gary Brown

 (6) Danny Guevara

15

(7) Patrick O'Connell

(8) Diego Montes

(9) Larry Craft

**IT IS FURTHER ORDERED** that counsel for Defendants and the Bible Believers Plaintiffs will attend a status conference with the Court, *via telephone*, to discuss future proceedings regarding compensatory damages, on **Thursday, January 30, 2014 at 10:00 a.m.** The Court will initiate the call.

**IT IS FURTHER ORDERED** that, by **Wednesday, January 15, 2014**, all Plaintiffs shall file separate motions for attorneys' fees, with supporting documentation, in accordance with Federal Rule of Civil Procedure 54(d)(2). The parties must brief the following issues:

(1) whether Plaintiffs are prevailing parties under 42 U.S.C. § 1988(b),

(2) the amount of attorneys' fees, including each attorneys' billed time and hourly fee, and

(3) any other briefing required under Federal Rule of Civil Procedure 54(d)(2).

**IT IS FURTHER ORDERED** that any oppositions to the motions for attorneys' fees shall be filed by **Wednesday, January 29, 2014**, at which time the matter will be taken under advisement.

New Orleans, Louisiana this 16th day of December, 2013.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE