```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF LOUISIANA

 GROS                                            CIVIL ACTION

 VERSUS                                          NO: 12-2322
                                                 c/w 12-2334
                                                 c/w 12-2374

 NEW ORLEANS CITY, ET AL                         SECTION: J
```

### ORDER AND REASONS

Before the Court is a *Motion for Reconsideration of Denial of Non-Taxable Expenses* **(Rec. Doc. 123)** filed by Plaintiff Paul Gros and a *Motion to Alter/Amend Order on Motion for Attorney Fees* **(Rec. Doc. 124)** filed by the Bible Believers Plaintiffs, as well as an *Opposition* to both motions **(Rec. Doc. 125)** filed by Defendants. Having considered the motions, the parties' submissions, the record, and the applicable law, the Court finds, for the reasons expressed below, motions should be **GRANTED IN PART** and **DENIED IN PART.**

### PROCEDURAL AND FACTUAL BACKGROUND

The Court has previously outlined the underlying facts in this case in detail. (Rec. Docs. 104 & 122). On June 3, 2014, the Court resolved Plaintiffs' motions for attorneys' fees and costs, awarding $33,648.00 in attorneys' fees and $350.00 in costs to Plaintiff McCauley; $72,176.00 in attorneys' fees and $2,822.20 in costs to Plaintiff Gros; and $53,858.00 in attorneys' fees and

1

$993.43 in costs to the Bible Believers Plaintiffs. (Rec. Doc. 122). Plaintiff Gros and the Bible Believers Plaintiffs have filed the instant motions, seeking reconsideration of, or particular alterations to, the Court's order on the motions for attorneys' fees and costs.

## PARTIES' ARGUMENTS

### A. Plaintiff Gros's *Motion for Reconsideration of Denial of Non-Taxable Expenses* (Rec. Doc. 123)

Plaintiff Gros argues that the Court mistakenly declined to award certain expenses - specifically expenses for travel, certified mail, conference calls, parking, mileage, process servers, and tolls. Plaintiff Gros also argues that the Court erred in declining to award $4,290.00 in "expert testimony attorneys' fees" for the services of Mr. William Treeby, who appears to have assisted Mr. Nathan Kellum and Mr. Bradley Lewis, Counsel for Plaintiff Gros, in reviewing the hourly rates and number of hours billed for each attorney.

#### 1. Mr. Nathan Kellum's Expenses

Plaintiff Gros requested $1,036.04 in travel expenses for Mr. Kellum, including expenses for airfare, the airport shuttle, baggage checks, meals, lodging, and parking. The Court found that travel expenses are not enumerated in 28 U.S.C.A. § 1920 ("Section 1920") and therefore are not recoverable. *See Speaks v. Kruse*, No. 04-1952, 2006 WL 3388480, at *8 (E.D. La. Nov. 20, 2006)(Livaudais,

J.). In his instant motion, Plaintiff Gros argues that he did not seek an award of expenses under Section 1920 but rather under Federal Rule of Civil Procedure 54(d) and 42 U.S.C.A. § 1988 ("Section 1988"). Plaintiff Gros contends that travel expenses are recoverable under Section 1988.

The City argues that Plaintiffs are not entitled to expenses pursuant to Section 1988 because Section 1988 only pertains to attorneys' fees, not expenses. The City also argues that even if the Court finds that some expenses are recoverable under Section 1988, the Court must decide whether the expenses that Plaintiffs request are reasonable.

### 2. Mr. Bradley Lewis's Expenses

Plaintiff Gros requested $628.30 in expenses paid to a private process server, $30.86 for first class and certified mail costs, $575.53 in conference call costs, $38.00 in parking expenses, $327.66 for mileage and tolls, and an additional $84.75 in other mileage. The Court declined to award expenses for first class and certified mail, conference call costs, parking fees, mileage, and tolls, finding that such expenses are not recoverable under Section 1920. The Court also declined to award the expenses of a private process server, based on Mr. Lewis's failure to show exceptional circumstances or to provide the Court with evidence of the amount that the U.S. Marshal would charge to serve process in this case. *See Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 974-75

3

(S.D. Tex. 2011) (citing *Marmillion v. Am. Int'l Ins.Co.*, 381 Fed. App'x 421, 431 (5th Cir. 2010)).

In his instant motion, Plaintiff Gros argues that he did not seek an award of expenses under Section 1920 but rather under Federal Rule of Civil Procedure 54(d) and 42 U.S.C.A. § 1988 ("Section 1988"). Plaintiff Gros contends that travel expenses, expenses for first class and certified mail, and conference call expenses are recoverable under Section 1988. Although Plaintiff Gros enumerates "process server fees" in his motion as one type of expenses that the Court declined to award, Plaintiff Gros provides no argument or additional law to suggest that the Court should reconsider its denial of private process server fees.

### 3. Expenses for the Services of Mr. William Treeby

The Court found that any purported expert services offered by Mr. Treeby to assist Plaintiff Gros's attorneys in preparing their motion for attorneys' fees are not recoverable fees. In his instant motion, Plaintiff Gros contends that under Section 1988, he is entitled to an award of expenses for the services of a fee affiant like Mr. Treeby. Plaintiff Gros argues that the $4,290.00 fee for Mr. Treeby's services was reasonable because Plaintiff Gros was required to prove the market rate for attorneys' fees in the community, and Treeby enabled Plaintiff Gros to do just that. Plaintiff Gros maintains that the Court cannot rely on its own experience in the market to determine the market rate for

attorneys' fees; rather, the Court must find that the hourly rate requested is supported by the record.

### B. The Bible Believers Plaintiffs' *Motion to Alter/Amend Order on Motion for Attorney Fees* (Rec. Doc. 124)

The Bible Believers Plaintiffs request a clarification of the Court's order, a reconsideration of the Court's reduction of the hours billed by Mr. Frederick Nelson, and a reconsideration of the Court's denial of their requests for certain expenses.

#### 1. Attorneys' Fees for Compensatory Damages

The Bible Believers Plaintiffs request that the Court clarify whether it will permit them to submit a supplemental motion for attorneys' fees and expenses with respect to the claim for compensatory damages.

The City argues that the issue of compensatory damages was amicably resolved and that the Bible Believers Plaintiffs are not entitled to additional fees because this issue required only minimal effort to litigate. The City claims that the claim for compensatory damages was settled only a month after summary judgment was rendered on the facial claim. According to the City, the settlement was relatively easy to accomplish – the parties merely attended two settlement conferences with the United States Magistrate Judge and engaged in some correspondence with each other.

**2. Mr. Frederick Nelson**

The Bible Believers Plaintiffs also argue that the Court erred in reducing the number of hours billed by Mr. Frederick Nelson. After all piecemeal reductions, the Court further reduced the total number of hours billed by Mr. Nelson by fifty (50) percent, finding that 202.82 hours was grossly excessive. Mr. Nelson was permitted to bill 104.41 hours at a rate of $350 per hour, for a total attorneys' fee award of $36,543.50.

The Bible Believers Plaintiffs argue that unlike the facial challenge to the ordinance, the issue of potential compensatory damages for the Bible Believers Plaintiffs who were arrested persisted after the entry of summary judgment in favor of Plaintiffs. The Bible Believers Plaintiffs maintain that the Court should not have reduced Mr. Nelson's hours at the same rate as other attorneys in the case who only handled the facial challenge. The Bible Believers Plaintiffs claim that they were required to conduct depositions and discovery with respect to the issue of compensatory damages, and they also needed to draft motions for summary judgment because the City's contention that it had already agreed to resolve the issues in good faith is patently false. The Bible Believers Plaintiffs argue that the City vigorously defended the claim for compensatory damages, and therefore Mr. Nelson's attorneys' fees for depositions performed and motions drafted regarding the issue of compensatory damages should not be reduced.

The City points out that Counsel for Plaintiff Gros, not the Bible Believers Plaintiffs, noticed the depositions to which the Bible Believers Plaintiffs refer, and also took lead on those depositions. The City also points out that the discovery to which the Bible Believers Plaintiffs refer occurred prior to the Court's resolution of the motions for summary judgment, which means that this discovery would have occurred regardless of the claim for compensatory damages. The City also asserts that Counsel for Plaintiff Gros took the lead on all discovery matters in this case, and therefore there is no need to award Counsel for Bible Believers more attorneys' fees than Counsel for Plaintiff Gros.

### 3. Expenses

The Bible Believers Plaintiffs also argue that they did not seek an award of expenses under Section 1920 but rather under Section 1988.

### LEGAL STANDARD

The Federal Rules of Civil Procedure do not expressly allow motions for reconsideration of an order. *Bass v. U.S. Dep't of Agric.*, 211 F.3d 959, 962 (5th Cir. 2000). The Fifth Circuit treats a motion for reconsideration challenging a prior judgment as either a motion "to alter or amend" under Federal Rule of Civil Procedure 59(e) or a motion for "relief from judgment" under Federal Rule of Civil Procedure 60(b). *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990), *abrogated on other*

*grounds, Little v. Liquid Air Corp.*, 37 F.3d 1069, 1076 (5th Cir. 1994). The difference in treatment is based on timing. If the motion is filed within twenty-eight days of the judgment, then it falls under Rule 59(e). *Id.;* FED. R. CIV. P. 59(e). However, if the motion is filed more than twenty-eight days after the judgment, it is governed by Rule 60(b). *Id.* In the instant case, Plaintiffs' motions were filed within twenty-eight days of the judgment, and there their motions should be considered under the Rule 59(e) standard.

The Fifth Circuit has noted that a Rule 59(e) motion "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). Nor should it be used to "re-litigate prior matters that ... simply have been resolved to the movant's dissatisfaction." *Voisin v. Tetra Technologies, Inc.,* 2010 WL 3943522, at *2 (E.D. La. Oct. 6, 2010). Thus, to prevail on a motion under Rule 59(e), the movant must clearly establish at least one of three factors: (1) an intervening change in the controlling law, (2) the availability of new evidence not previously available, or (3) a manifest error in law or fact. *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (to win a Rule 59(e) motion, the movant "must clearly establish either a manifest error of law or

fact or must present newly discovered evidence").

## DISCUSSION

### A. Section 1920 versus Section 1988

A court may award costs enumerated in Section 1920 to a prevailing party. *Davis v. Perry,* No. 11-788, 2014 WL 106990, at *33 (W.D. Tex. Jan. 8, 2014). Several courts in the United States Fifth Circuit have noted that a court may additionally award reasonable out-of-pocket expenses as part of an award of attorneys' fees under Section 1988. For example, the Western District of Texas has held:

> [A]ll reasonable, out-of-pocket expenses, including charges for photocopying, paralegal assistance, travel, and telephone, are recoverable in [S]ection 1988 fee awards because they are part of the costs normally charged to a fee-paying client. *Assoc. Builders & Contractors of La. v. Orleans Parish Sch. Bd.,* 919 F.2d 374, 380 (5th Cir.1990); *see also West v. Nabors Drilling USA, Inc.,* 330 F.3d 379, 395–96 (5th Cir.2003) (discussing cases and noting that it had "affirmed awards of out-of-pocket travel expenses as components of attorney's fee recoveries under § 1988").

*Id.* Additionally, the Northern District of Texas has stated:

9

> [S]everal courts (including this court) have recognized that office overhead and secretarial expenses are already taken into account in the attorney's fee, while fees for legal work, even if done by a paralegal, may be recovered separately. *See, e.g., In re Mullins,* 84 F.3d 459, 469 (D.C. Cir.1996); *Int'l Woodworkers of Am. v. Champion Int'l Corp.,* 790 F.2d 1174, 1183 (5th Cir.1986), *superseded on other grounds* by Civil Rights Act of 1991, Pub. L. No. 102-066, 105 Stat. 1071, *as recognized in Shipes v. Trinity Indus.,* 31 F.3d 347, 349 (5th Cir.1994); *Ferguson v. FDIC,* 1997 WL 279885, at *3 (N.D. Tex. May 13, 1997) (Fitzwater, J.); *cf. Jane L. v. Bangerter,* 61 F.3d 1505, 1517 (10th Cir.1995) (permitting out-of-pocket expenses to be awarded as attorney's fees if the expenses are reasonable and are not absorbed as part of law firm overhead but are normally billed to a private client).

*Merrick v. Scott*, 10-2172, 2011 WL 1938188, at *5 (N.D. Tex. May 20, 2011). In *Jane L. v. Bangerter*, to which the Northern District of Texas cited, the United States Tenth Circuit held:

> While only those items listed under section 1920 may be

awarded as costs, other out-of-pocket expenses incurred during litigation may be awarded as attorneys fees under section 1988 if (1) the expenses are not absorbed as part of law firm overhead but are normally billed to a private client, and (2) the expenses are reasonable. *See Bee v. Greaves,* 910 F.2d 686, 690 (10th Cir.1990). The district court awarded plaintiffs and defendants expenses under section 1988. However, the court denied plaintiffs' request for travel expenses, thereby dramatically reducing the amount awarded. Plaintiffs argue on appeal that they should have been reimbursed for these travel expenses. We are not persuaded that the district court abused its discretion in denying this request.

*Jane L. v. Bangerter*, 61 F.3d 1505, 1517 (10th Cir. 1995).

### 1. Mr. Nathan Kellum's Expenses

Plaintiff Gros requested $1,036.04 in travel expenses for Mr. Kellum, including expenses for airfare, the airport shuttle, baggage checks, meals, lodging, and parking. The Court found that travel expenses are not enumerated in 28 U.S.C.A. § 1920 ("Section 1920") and therefore are not recoverable. The Court will grant Plaintiff Gros's motion on this issue and will award to Plaintiff Gros $1,036.04 in travel expenses for Mr. Kellum because these are out-of-pocket expenses that are not absorbed as part of firm

11

overhead and would normally be billed to a private client.

## 2. Mr. Bradley Lewis's Expenses

Plaintiff Gros requested $628.30 paid to a private process server, $30.86 for first class and certified mail costs, $575.53 in conference call costs, $38.00 in parking expenses, $327.66 for mileage and tolls, and an additional $84.75 in other mileage. The Court declined to award expenses for first class and certified mail, conference call costs, and the various travel expenses. The Court also declined to award the expenses of a private process server, based on Mr. Lewis's failure to show exceptional circumstances or to provide the Court with evidence of the amount that the U.S. Marshal would charge to serve process in this case. *See Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 974-75 (S.D. Tex. 2011) (citing *Marmillion v. Am. Int'l Ins.Co.*, 381 Fed. App'x 421, 431 (5th Cir. 2010)).

The Court declines to reconsider its denial of private process server expenses. However, the Court will award to Plaintiff Gros the following out-of-pocket expenses that are not absorbed as part of firm overhead and would normally be billed to a private client: $30.86 for mail costs, $575.33 in conference call costs, and travel expenses, including $38.00 in parking expenses, $327.66 for mileage and tolls, and an additional $84.75 in other mileage. In total, this amounts to $1,056.80.

12

### 3. Expenses for the Services of Mr. William Treeby

The Court declines to reconsider its denial of expenses for Mr. Treeby's services because an expense of $4,290.00 for an expert opinion on the market rate for attorneys' fees is unreasonable in this case. While Plaintiff Gros is correct that the Court must make a determination about the reasonable market rate based on the record, and not on its own experience in the market, *See League of United Latin Am. Citizens v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1234 (5th Cir. 1997), the opinion of an expert was not required for such a determination to be made in this case. It is notable that Counsel for the other Plaintiffs in this case did not feel it necessary to employ such an expert. Additionally, the Eastern District of Louisiana case to which Plaintiff Gros cites is distinguishable from the instant case. In *Braud v. Transport Serv. Co. of Ill.,* No. 05-1898, 2010 WL 3283398 (E.D. La. Aug. 17, 2010), the United States Magistrate Judge found that $1,650.00 was reasonably expended for an expert attorney to offer his opinion on an attorney fee award in a complex class action case. However, the instant case did not involve complex class action issues, and no expert testimony was needed to determine a reasonable market rate.

### 4. Expenses for the Bible Believers Plaintiffs

The Court denied Mr. Nelson's requests for expenses in the following amounts: $84.45 for telephone conferences; $0.90 for postage; $933.72 for travel expenses; and $12.00 for facsimile

13

costs, for a total of $1,031.07. The Court will grant the Bible Believers Plaintiffs' motion on this issue and will award to the Bible Believers Plaintiffs $1,031.07 in expenses for Mr. Nelson because these are out-of-pocket expenses that are not absorbed as part of firm overhead and would normally be billed to a private client.

### B. Reasonable Hours Billed by Mr. Frederick Nelson

The Court declines to reconsider its reduction of Mr. Nelson's billable hours, finding that 104.41 hours at a rate of $350 per hour, for a total attorneys' fee award of $36,543.50, is reasonable under the circumstances of this case.[1]

### C. Attorneys' Fees for Compensatory Damages

The Bible Believers Plaintiffs request that the Court permit them to submit a supplemental motion for attorneys' fees and expenses related to their claim for compensatory damages. This request is denied. The attorneys' fees awarded by the Court reasonably compensate Counsel for all work performed in this case.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Gros's *Motion for Reconsideration of Denial of Non-Taxable Expenses* **(Rec. Doc. 123)**

---

[1] The Court finds that Counsel for Plaintiffs engaged in a disproportionate amount of work in this case. The original ordinance was facially unconstitutional, and from the very beginning, the City was advised by the Court to amend the ordinance, which it did.

is **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that the Bible Believers Plaintiffs' *Motion to Alter/Amend Order on Motion for Attorney Fees* **(Rec. Doc. 124)** is hereby **GRANTED IN PART** and **DENIED IN PART.**

**IT IS FURTHER ORDERED** that Defendants shall pay to Plaintiff Gros $2,092.84 in travel expenses, mail costs, and conference call costs.

**IT IS FURTHER ORDERED** that Defendants shall pay to the Bible Believers Plaintiffs $1,031.07 in travel expenses, telephone expenses, postage, and facsimile costs.

New Orleans, Louisiana this 8th day of August, 2014.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE